JAMES R. HORNE, administrator, *vs.* ALANSON BRIGGS.

If, after mortgaged personal property has been attached in an action against the mortgagor the mortgagee assigns his record title and records the assignment, he cannot afterwards maintain an action on the Gen. Sts. *c.* 123, § 63, against the officer for unlawful conversion of the property.

TORT against a deputy sheriff for conversion of a stock of millinery. The original plaintiff was Francis D. Horne, who died while the action was pending. In the superior court, *Putnam*, J., ruled *pro formâ* that the action was maintainable, directed a verdict for the plaintiff, and reported the case for determination by this court. The material facts appear in the opinion.

*S. B. Ives, Jr.,* for the plaintiff.

*D. Saunders, Jr.,* (*C. Saunders* with him,) for the defendant.

CHAPMAN, J. In order to maintain this action, the plaintiff must prove that his intestate, Francis D. Horne, had a legal title to the property at the time of the alleged conversion.

It appears that on the 11th of November 1863 Mary F. Ryan made to the said Francis D. a mortgage of the property to secure the payment of a note given at the same time. It is not denied that this mortgage gave him a good title as against Ryan. On the 19th of the same month the defendant, being a deputy sheriff, attached the property on a writ against Ryan in favor of one of her creditors. Such an attachment is authorized by Gen. Sts. *c.* 123, §§ 62, 63, and no tort was committed by making it. On the next day, Francis D. assigned his mortgage to James R. Horne, while the property was thus under attachment. But an attachment of goods does not prevent an abso-

lute sale of them, subject to the lien created by the attachment; and, as no actual delivery can be made, a symbolical delivery is sufficient. *Whipple* v. *Thayer*, 16 Pick. 25. *Appleton* v. *Bancroft*, 10 Met. 231. The mortgage and assignment were recorded; and registration of a mortgage is a good symbolical delivery of the mortgaged property. *Bullock* v. *Williams*, 16 Pick. 33. *Appleton* v. *Bancroft, ubi supra*. And, as the legal title to the property would pass to a mortgagee subject to the lien, so it would, on the same ground, pass to an assignee of a mortgagee. The assignment to James R. Horne did not therefore pass a mere equitable title, or a chose in action, but passed to him the legal title to the property, subject to the attachment. It left no interest in Francis D. Horne which would authorize a demand on his behalf or in his name, or upon which the present action can be sustained. *Verdict set aside.*